**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| **JEFF HANEY** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No.: 4:15-CV01302 |
| **NATIONAL HEALTHCARE** | ) |
| **COLLECTIONS, LLC** | ) |
| | ) |
| Defendant. | ) |
| | ) |
| Serve Defendant at: | ) |
| Paul Rhymer, Reg. Agent | ) |
| 700 Spirit of St. Louis Blvd, Suite B | ) |
| Chesterfield, MO 63005 | )   **JURY TRIAL DEMANDED** |

**COMPLAINT**

COMES NOW, Plaintiff, Jeff Haney, and for his Complaint states as follows:

**INTRODUCTION**

1.      This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is an action for statutory damages brought by an individual consumer for violations of the Telephone Consumer Protection Act of 1991("TCPA"), 47 USC 227 *et. seq.*

3.      Plaintiff demands a trial by jury on all issues so triable.

**JURISDICTION**

4.      This Court has jurisdiction of the FDCPA claim under 15 U.S.C. § 1692k(d).

## PARTIES

5.      Plaintiff is a natural person currently residing in St. Charles County, Missouri.  Plaintiff is a "consumer" within the meaning of the FDCPA.  The alleged debt Plaintiff owes arises out of consumer, family, and household transactions.

6.      Defendant is a Missouri limited liability company with its principal place of business at 220 Salt Lick Road, St. Peters, MO 63376.  The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

7.      Defendant is engaged in the collection of debts from consumers using the mail and telephone.  Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. §1692a(6).

## FACTS

8.      Defendant's collection activity of which Plaintiff complains occurred within the past twelve (12) months.

9.      Plaintiff received two collection calls from Defendant in August 2015.

10.      These calls were placed using an Automatic Telephone Dialing System and were placed to Plaintiff's cellular telephone.

11.      Plaintiff did not provide express consent to be contacted by Defendant.

12.      Both of those calls stated they were from "Meehan Law, LLC."

13.      Plaintiff has never received any collection letters from Meehan Law, LLC.

14.     The number Plaintiff was told to call back was (636) 532-3700.  This number is registered to Defendant.

15.     Upon information and belief, Defendant is not collecting a debt on behalf of Meehan Law, LLC.

16.     Plaintiff owes no debt to Meehan Law, LLC.

17.     Defendant is using tactics to collect debts to intimidate Plaintiff that are illegal under the FDCPA.

18.     Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, sleeplessness, and worry.

## COUNT I: VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT

19.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

20.     In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 *et. seq.*, including, but not limited to, the following:

a.     Giving a false impression that the communication is from an attorney.  15 U.S.C. § 1692e(3).

b.     Using deceptive, false, and unfair means to attempt to collect the alleged debt, including but not limited to pretending to be a law firm.  15 U.S.C. § 1692d-f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.     Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Statutory damages, costs and reasonable attorney's fees pursuant to 15

U.S.C. § 1692(k); and

D.      For such other relief as the Court may deem just and proper.

## COUNT II: VIOLATIONS OF THE TCPA

21.      Plaintiff re-alleges and incorporates by reference all prior paragraphs.

22.      In its attempts to collect the alleged debt from Plaintiff, Defendant has

committed violations of the TCPA, *47 USC 227 et. seq.*, including, but not limited to, the

following:

a.      Placing several non-emergency phone calls to Plaintiff's cellular phone

without express authorized consent of the Plaintiff.  47 USC 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff respectfully requests that that judgment be entered

against Defendant for:

A.      Declaratory judgment that Defendant's conduct violated the TCPA;

B.      Actual damages;

C.      Statutory damages pursuant to 47 USC (b)(3); and

D.      For such other relief as the Court may deem just and proper.

**THE EASON LAW FIRM, LLC**

s/ James W. Eason

_____
**JAMES W. EASON, #57112**
**124 Gay Avenue, Suite 200**
**Clayton, Missouri 63105**
**Phone: (314) 932-1066**
**Fax:     (314) 667-3161**
**Email: james.w.eason@gmail.com**